UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

HENRY LEONARD BLAKES, JR.      CASE NO. 20-10024
    DEBTOR     CHAPTER 13

REASONS FOR DECISION

Debtor Henry Leonard Blakes, Jr. moves to reconsider dismissal of his case [P-26]. The motion typically would be heard and ruled on in open court on April 15, 2020. However, given the closure of the courthouse due to the COVID-19 pandemic, no argument will take place, and the court will rule based on the parties' submissions. The debtor's motion is denied.

The debtor filed a chapter 13 bankruptcy petition on January 10, 2020. His meeting of creditors pursuant to 11 U.S.C. §341 was scheduled for March 2, 2020, but the debtor failed to attend. The court then dismissed the case for failure to attend the meeting of creditors in accordance with Local Rule 2003-1(d), which provides that "[a] debtor's failure to attend the meeting of creditors may be grounds for immediate dismissal."

Motions for reconsideration filed no later than fourteen days after entry of judgment are treated as motions for new trial or motions to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59, made applicable in bankruptcy court by Federal Rule of Bankruptcy Procedure 9023.[1]

Although a court may grant a new trial "for any reason for which a rehearing has [ ] been granted in a suit in equity in federal court,"[2] reconsideration "is an extraordinary remedy that

---

[1] *Abraham v. Aguilar (In re Aguilar)*, 861 F.2d 873, 875 (5th Cir. 1988).

[2] Fed. R. Civ. P. 59(a)(1)(B).

should be used sparingly."[3]  "Among the grounds for a new trial are that the verdict is against the weight of evidence, that the damages are excessive, or that for other reasons the trial was not fair."[4]

> Bankruptcy Code §341 commands a debtor's attendance at the meeting of creditors:
>
> The primary purpose of the § 341 meeting is the examination of the debtor.  The § 341 meeting permits the creditors to rigorously question the debtor on issues relating to dischargeability, estate administration, and the debtor's financial affairs.  The meeting also allows the trustee to query about possible recoveries under the avoiding powers.  Thus, the debtor's presence at the § 341 meeting is not merely ceremonial, but instead plays a pivotal role in providing the creditors and the trustee with valuable information regarding the debtor's financial situation.[5]

The debtor's reason for failing to attend his meeting of creditors is simply that he forgot. His memory lapse is not a basis for reconsidering dismissal.

> Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial.[6]

The debtor has not shown prejudicial error or that substantial justice has not been done. The fault is his own.  The debtor's motion to reconsider dismissal is denied.  The court will enter a separate order in accordance with these reasons.

Baton Rouge, Louisiana, April 14, 2020.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE

---

[3] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2005) (citation omitted).

[4] *Hermann v. Nicor Marine, Inc.,* 664 F.Supp. 241, 244 (E.D.La. 1985) (citing *Montgomery Ward and Co. v. Duncan*, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940)).

[5] *In re Moore*, 309 B.R. 725, 726 (Bankr. N.D. Tex. 2002).

[6] *Jones v. Ruiz*, 478 F. App'x 834, 835 (5th Cir. 2012) (quoting *Sibley v. Lemaire,* 184 F.3d 481, 487 (5th Cir.1999)).